UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| ANTHONY LEON CARROLL,<br><br>    Petitioner,<br><br>v.<br><br>FRANCISCO J. QUINTANA, Warden,<br><br>    Respondent. | Civil No. 5:14-326-KKC<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Petitioner Anthony Leon Carroll is an inmate currently confined in the Federal Medical Center in Lexington, Kentucky. Proceeding *pro se*, Carroll has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 [R. 1] and has paid the $5.00 filing fee. [R. 2] Carroll's petition concerns his conviction of a prison disciplinary offense for which he was charged on or about September 26, 2012, while he was confined at the Federal Correctional Institution-Edgefield ("FCI-Edgefield") located in Edgefield, South Carolina. Carroll maintains that he was innocent of the charged offense, that there was insufficient evidence to support the conviction, and that his conviction resulted in a violation of his constitutional right to equal protection. Carroll seeks the following relief: (1) a court order (a) expunging his disciplinary conviction and reversing the sanctions imposed, and (b) directing the BOP to restore his forfeited good time credits and all other privileges, and to return him to a prison camp.[1] Carroll also requests injunctive relief from retaliation for having filed this petition in the exercise of his right of access to the court.

The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient

---

[1] Carroll was housed in the camp at FCI-Edgefield at the time of the charged offense.

1

standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Once that review is complete, the Court may deny habeas relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to Section 2241 petitions pursuant to Rule 1(b)). Otherwise, the Court may resolve the petition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

The Court has reviewed the record. Because there is no documentation whatsoever accompanying Carroll's petition, such as the BOP's records of (1) the incident report, (2) Carroll's appearance before the Uniform Disciplinary Committee ("UDC"), (3) the report of the Disciplinary Hearing Officer ("DHO"), and (4) Carroll's appeal of his conviction through the Bureau of Prisons' ("BOP") Administrative Remedy process,[2] there is insufficient information of record to enable the Court to properly evaluate his petition. For these reasons, as more fully explained below, the Warden will be directed to respond to Carroll's habeas petition.

## BACKGROUND[3]

In September of 2012, while Carroll was confined in the camp at FCI-Edgefield, prison officials conducted a mass search of the camp cells. A prison official found contraband in Carroll's cell, 205L in D-2 Unit, a cell he occupied with another inmate. More particularly, the charging officer reported that he discovered two cell phone chargers and thirteen individual

---

[2] Carroll states that he appealed his conviction to the BOP's Mid-Atlantic Regional Office in Administrative Remedy No. 723390-R1, and then to the BOP's Central Office in Administrative Remedy No. 723390-A1; however, neither copies of the administrative remedies he filed nor copies of the BOP's responses thereto are attached to his habeas petition.

[3] The following summary is consists solely of Carroll's account of the events, as stated in his habeas petition and supporting memorandum.

cigarettes[4] in several pairs of socks rolled-up inside of a laundry bag that was identified as Carroll's property and that there were other clothing items in the laundry bag that were marked with the name "CARROLL." The contraband was confiscated, and Carroll was charged with possession of contraband. Carroll states he was initially charged with violation of Code Nos. 331 and 305, but that the code 305 violation was later changed to a code 108 violation. [R. 1-1]

It is unclear when Carroll appeared before the UDC, but he states that the DHO hearing was held on October 4, 2012. Carroll states that he had requested that counselor D. Watkins represent him at the DHO hearing, but that D. Watkins was not present at the hearing. Carroll states that the DHO report indicates that the code 305 violation was changed to a code 105 violation. Although Carroll denied that any of the contraband found in his laundry bag belonged to him, the DHO found him guilty of these offenses and imposed the following penalties: 30 days of Disciplinary Segregation; disallowance of 41 days Good Conduct Time; one-year loss of visitation, commissary, telephone, and e-mail privileges.

Carroll states that he appealed his conviction in Administrative Remedy No. 723390-R1, that his appeal was denied, that he then appealed to the BOP's Central Office, that the response was due by August 3, 2013, and that the Central Office failed to respond to his appeal. Assuming the truthfulness of Carroll's statements, he has exhausted his administrative remedies.

## CONCLUSION

In summary, given the lack of any documentation concerning Carroll's disciplinary conviction and administrative remedy process, a response from the Warden is warranted.

Accordingly, it is **ORDERED** as follows:

---

[4] Carroll states that his cell-mate admitted that the cigarettes found in Carroll's laundry bag were his cigarettes, but that his cell-mate was never questioned or charged with any offense.

1.	The respondent Warden is directed to file a response to Carroll's claim that his constitutional rights were violated by his conviction of prison offenses charged against him while confined at FCI-Edgefield in October of 2012.

2.	The Clerk of the Court shall prepare the documents necessary for service of process upon Carroll's custodian, Francisco Quintana, Warden, Federal Medical Center, Lexington, Kentucky.

3.	The Clerk of the Court shall prepare a "Service Packet" consisting of the following documents for service of process upon the Francisco Quintana, Warden:

>	a.	a completed summons form;
>	b.	the habeas petition and attachments thereto [R. 1];
>	c.	this Memorandum Opinion and Order; and
>	d.	a completed USM Form 285.

4.	Additionally, the Clerk of the Court shall make a copy of the above-described documents, each set containing the following:

>	a.	a copy of the completed summons form issued to the respondent;
>	b.	a copy of all completed USM Form 285;
>	c.	one copy of the habeas petition and all attachments [R. 1]; and
>	d.	one copy of this Memorandum Opinion and Order.

5.	The Deputy Clerk shall present the Service Packet(s) and copies to the United States Marshals Service ("USMS") in Lexington, Kentucky.

6.	Service of Process upon the Respondent, Francisco Quintana, Warden, shall be conducted by the USMS in Lexington, Kentucky, by serving a Service Packet *personally* upon him, through arrangement with the Federal Bureau of Prisons.

The USMS is responsible for ensuring that the respondent is successfully served with process. In the event that an attempt at service upon him is unsuccessful, the USMS shall make further attempts and shall ascertain such information as is necessary to ensure successful service.

7. The USMS must complete service on the named respondent by serving the copies described in above paragraph 4 ***by certified or registered mail*** to:

    a. one set of the copies to the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky;

    b. one set to the Office of the Attorney General of the United States in Washington, D.C.; and,

    c. one set to the Office of the Federal Bureau of Prisons in Washington, D.C.

8. The petitioner **SHALL**:

    a. Immediately advise the Clerk's Office of any change in his current mailing address. **Failure to do so may result in dismissal of this case**.

    b. Communicate with the court ***solely*** through notices or motions filed with the Clerk's Office. **The court will disregard correspondence sent directly to the judge's chambers.**

    c. In every notice, motion, or paper filed with the court, certify in writing that he has mailed a copy to every defendant (or his or her attorney) and state the date of mailing. **The court will disregard any notice or motion which does not include this certification.**

Dated January 22, 2015.

*Karen K. Caldwell*
KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY