UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| ANTHONY LEON CARROLL,<br><br>    Petitioner,<br><br>V.<br><br>FRANCISCO QUINTANA, Warden,<br><br>    Respondent. | Civil No. 5: 14-326-KKC<br><br><br>**MEMORANDUM OPINION**<br>**AND ORDER** |

\*\*\*　\*\*\*　\*\*\*　\*\*\*

Anthony Leon Carroll is an inmate formerly confined at the Federal Medical Center in Lexington, Kentucky. Proceeding without an attorney, Carroll filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on August 11, 2014, contending that the Bureau of Prisons ("BOP") wrongfully convicted him of a disciplinary infraction, resulting in the loss of 41 days of good conduct time. [R. 1] At the direction of the Court, Warden Francisco Quintana filed a response to the petition. [R. 9] Carroll was invited to reply [R. 10], but failed to do so. This matter is therefore ripe for decision.

On September 26, 2012, while Carroll was confined at the Federal Correctional Institution in Edgefield, South Carolina, BOP officers searched his cell and found two cell phone chargers and thirteen cigarettes rolled up inside socks in Carroll's laundry bag. Carroll was initially charged with violating BOP Prohibited Action Codes 305 and 331 for possession of any thing not authorized and possession of non-hazardous contraband, but the Code 305 charge was later upgraded to a Code 108 offense for possession of a hazardous tool. [R. 1-1, p. 1; R. 9, pp. 3, 5]

1

Carroll alleges that he had asked for Counselor Watkins to represent him at the hearing, but Watkins did not appear at the hearing on October 4, 2012. Nonetheless, Carroll waived his right to have a staff representative present and proceeded with the DHO Hearing. [R. 9, p. 5] While Carroll insisted that the items found did not belong to him, the disciplinary hearing officer ("DHO") relied upon the Incident Report itself, the investigation reports, a photograph of the cigarettes and cell phone chargers, and Carroll's statements to find him guilty of the Code 108 offense. The DHO dismissed the Code 331 offense, and imposed various sanctions, including the disallowance of 41 days good conduct time. [R. 1, p. 2; R. 9, pp. 5-6]

Carroll contends that the disciplinary conviction violates his equal protection rights because his cellmate admitted that the cigarettes belonged to him, and because his cellmate had access to all areas within the cell, the cell phone chargers could also have belonged to him. For relief, Carroll asks that the incident report be expunged and for all privileges to be restored.[1] [R. 1-1, p. 4]

As a preliminary matter, Carroll notes in his description of the facts that the Counselor he asked to serve as his representative did not appear at the DHO hearing, and that the Code 305 charge was changed to a Code 108 charge four days before the hearing. [R. 1-1, p. 2] However, Carroll makes no argument that either of these facts violated his

---

[1] The BOP's website indicates that Carroll was released from BOP custody on November 10, 2015, see http://www.bop.gov/inmateloc (last visited on December 22, 2015), but respondent indicates that Carroll was subject to a five-year term of supervised release following his incarceration. [R. 9, p. 1] There is a significant question whether Carroll's petition has been rendered moot by his release. Compare *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993) (per curiam) (holding § 2241 petition challenging calculation of prison term in light of prior custody credits was not rendered moot by prisoner's release because petitioner's "supervised release dates are affected by the erroneous computation.") with *Watkins v. Garrett*, 476 F. App'x 430, 432 (5th Cir. 2012) (holding § 2241 petition challenging loss of good conduct time through BOP disciplinary conviction was mooted upon prisoner's release where, although prisoner was still "in custody" serving supervised release term, prisoner had not sought corresponding reduction of supervised release term by motion under 18 U.S.C. § 3583(e)(2). The Court will assume Carroll's petition still presents a live controversy.

rights; instead, he argues only that his right to equal protection under the law was violated when he, rather than his cellmate, was convicted of possessing the contraband. [R. 1-1, pp. 3-4] Carroll therefore only makes a single argument under the Equal Protection Clause. Pursuant to *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court will also liberally construe his allegations - which suggest a challenge to the sufficiency of the evidence based upon his sharing of a cell with his cellmate - to include a due process claim. However, the Court need not and will not consider other arguments that Carroll could have, but did not, make.

First, with respect to Carroll's apparent challenge to the sufficiency of the evidence, when a prison disciplinary board takes action that results in the loss of good time credits in which the prisoner has a vested liberty interest, the Due Process Clause requires prison officials to observe certain protections for the prisoner. Specifically, the prisoner is entitled to advanced notice of the charges, the opportunity to present evidence in his or her defense, whether through live testimony or documents, and a written decision explaining the grounds used to determine guilt or innocence of the offense. *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974). Further, the board's findings used as a basis to revoke good time credits must be supported by some evidence in the record. *Superintendent v. Hill*, 472 U.S. 445, 454 (1985). When determining whether a decision is supported by "some evidence," the Court does not conduct an independent review of the evidence or assess the credibility of witnesses. It asks only "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

Here, the DHO relied upon the incident report itself, the investigation report, and Carroll's testimony at the hearing to conclude that Carroll possessed both the cigarettes and the cell phone chargers. Carroll complains that the DHO ignored his claim that his

3

cellmate had admitted that the cigarettes belonged to him. It is not entirely clearly that this is true, because the DHO dismissed the Code 305 charge for possession of nonhazardous contraband. [R. 9-2, pp. 7, 26-28] Further, the laundry bag in which the cigarettes were found not only belonged to Carroll, but was located in his cell, which BOP regulations expressly require every inmate to maintain free of contraband. *Perez v. Rios*, No. 7: 08-171-KKC, 2009 WL 499141, at *2 (E.D. Ky. Feb. 27, 2009).

With respect to the cell phone chargers, Carroll argues only that his cellmate also had access to his laundry bag, but this is not enough to conclude that the DHO lacked any evidence to support his conclusion that they belonged to (or were constructively possessed by) Carroll. Cf. *Wofford v. Snyder*, 90 F. App'x 469 (6th Cir. 2004) (disciplinary sanction imposed by BOP was supported by some evidence notwithstanding prisoner's objection that contraband was found in common area of cell accessible to other inmates); *Briggs v. Quintana*, No. 5: 13-330-KSF, 2014 WL 320591, at *5 (E.D. Ky. Jan. 29, 2014) (Code 108 conviction for possession of cell phone was supported by some evidence notwithstanding contrary statements by prisoner that cell phone did not belong to him). The DHO's finding that Carroll was guilty of possessing the cell phone chargers, and was hence guilty of violating Code 108, is supported by "some evidence" as required by the Due Process Clause.

Carroll's second claim - that the BOP's failure to investigate and charge his cellmate for the contraband violates his equal protection rights - fares no better. Carroll complains that he was treated differently than his cellmate, another prisoner. Because prisoners are not a suspect classification entitled to strict scrutiny, *Jackson v. Jamrog*, 411 F.3d 615, 619 (6th Cir. 2005), he must show not only that he was treated differently from his cellmate but that such treatment was not rationally related to a legitimate government interest. *Henry v. Metropolitan Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990).

Carroll offers no explanation for his claim that his cellmate was similarly-situated to him apart from the fact that the pair shared a cell, and notwithstanding the fact that all of the contraband was found in Carroll's laundry bag, not his cellmate's. The BOP has the discretion, based upon the facts before it, to conclude that one inmate has hidden contraband in his cell where his cellmate has not. As the Court has previously held in a similar case:

> Perez has offered no support from the record for his claim that the sanction imposed was not supported by a rational basis other than his status as the cellmate of the other inmate charged. As noted by the BOP in its responses to his grievances, a DHO must judge each case upon its own circumstances, which may reasonably include not merely the incident in question, but the credibility of witnesses, the criminal and disciplinary history of each inmate, and other confidential evidence and witness statements. Having failed to present any evidence which suggests that the DHO's sanction did not bear a rational relationship to the BOP's goals in maintaining institutional security and control, petitioner's equal protection claim fails as a matter of law.

*Perez v. Rios*, No. 7: 08-171-KKC, 2009 WL 499141, at *3 (E.D. Ky. Feb. 27, 2009) (citations omitted). The simple exercise of that charging discretion does not, without more, viably support a claim that the inmate's equal protection rights have been violated. Cf. *Hall v. Zickefoose*, No. 10-2345(RMB), 2011 WL 2173773, at *7 (D.N.J. June 1, 2011) ("The fact that prison officials have discretion to charge different violations, depending upon the circumstances applicable to an individual case, is not sufficient to state a claim for an equal protection violation."). Courts have therefore found that equal protection challenges asserted under functionally identical circumstances fail as a matter of law. *Harris v. Shartle*, No. 13-5735(RMB), 2013 WL 5719499, at *4 (D.N.J. Oct. 18, 2013) (citing *Hall v. Zickefoose*, 448 F. App'x 184, 186 (3d Cir. 2011)). Carroll's equal protection claim therefore fails to provide a viable basis for relief.

Accordingly, **IT IS ORDERED** that:

5

1. Petitioner Carroll's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This December 22, 2015.

*Karen K. Caldwell*
KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY